IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS

DEBRA E. RUSHING,                    )
                                     )
                Plaintiff,           )
                                     )   CIVIL ACTION
v.                                   )
                                     )   No. 09-2256-JAR-GBC
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
                Defendant.           )
_____)


                         **REPORT AND RECOMMENDATION**

	Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act.  42 U.S.C. §§ 416(i) and 423(hereinafter the Act).  Finding error in the ALJ's failure to evaluate and discuss the treatment records of Dr. Ehly, the court recommends the decision be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.	Background**

	Plaintiff protectively applied for DIB on September 9, 2005, alleging disability since February 27, 2004.  (R. 16, 64-66). The application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law

judge (ALJ).  (R. 16, 27-28, 36).  Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Edward C. Graham on June 5, 2008.  (R. 16, 521-22).  At the hearing, testimony was taken from Plaintiff and from a vocational expert.  (R. 16, 521-41).  ALJ Graham issued a decision on July 24, 2008 in which he determined Plaintiff is not disabled within the meaning of the Act, and denied her application.  (R. 16-22).

He determined Plaintiff has impairments of depression and degenerative disc disease which are "severe" within the meaning of the Act, but that Plaintiff does not have an impairment or combination of impairments which meets or medically equals the severity of a listed impairment.  Id. at 18.  The ALJ summarized the record evidence, including the medical evidence and the medical opinions, found that Plaintiff's allegations of symptoms resulting from her impairments are not credible, and assessed Plaintiff with the residual functional capacity (RFC) for a range of light work, limited to only occasional postural changes, and with mild limitations in the mental abilities:  to understand and remember tasks, to sustain concentration and persistence, to socially interact with the general public, and to adapt to workplace changes.  Id. at 18-21.

Based upon the RFC assessed, the ALJ determined Plaintiff is unable to perform her past relevant work as a certified nursing

assistant.  Id. at 21.  Considering the testimony of the vocational expert, and Plaintiff's age, education, work experience, and the RFC assessed, and using the Medical-Vocational Guidelines as a framework for decisionmaking, the ALJ determined that Plaintiff is able to make a successful adjustment to other work that exists in significant numbers in the economy. (R. 21-22).  Consequently, he determined Plaintiff is not disabled within the meaning of the Act, and denied her application.  Id. at 22.

Plaintiff requested, but was denied, review by the Appeals Council.  Id. at 12, 7-9.  Therefore, the ALJ's decision is the final decision of the Commissioner, subject to judicial review, which Plaintiff now seeks.  Id. at 7; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).

**II. Legal Standard**

The court's review is guided by the Act.  42 U.S.C. § 405(g).  Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court must determine whether the factual findings are supported by substantial evidence in the record, and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance,

and it is such evidence as a reasonable mind might accept to support a conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. § 404.1520

-4-

(2008); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since her alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether, when considering vocational factors (the claimant's age, education, and past work experience), she is able to perform other work in the economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001);

Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show jobs in the national economy within plaintiff's capacity.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in his credibility determination, in not finding "severe" impairments of carpal tunnel syndrome and chronic headaches at step two of the evaluation process, and in failing to consider the effects of obesity.  She claims he consequently erred in relying on the vocational expert testimony.  Finally, she argues the court should reverse the Commissioner's decision and remand for an immediate award of benefits.  The Commissioner argues that the credibility determination was proper and the ALJ properly considered carpal tunnel syndrome, chronic headaches, and obesity in the circumstances of this case.  He argues that the ALJ's reliance upon vocational expert testimony was proper, and that remand to an agency with directions for disposition should only occur in rare instances.  The court begins, in order of the sequential process, with the ALJ's step two evaluation.

**III. Step Two**

An impairment is not severe if it does not significantly limit plaintiff's ability to do basic work activities such as walking, standing, sitting, carrying, understanding simple instructions, responding appropriately to usual work situations,

and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521. The Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment or combination of impairments at step two of the sequential evaluation process, plaintiff must make only a "de minimis" showing. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). Plaintiff need only show that an impairment would have more than a minimal effect on her ability to do basic work activities. Williams, 844 F.2d at 751. However, she must show more than the mere presence of a condition or ailment. Hinkle, 132 F.3d at 1352 (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).

Here, the ALJ found plaintiff has "severe" impairments of depression and degenerative disc disease. (R. 18). As Plaintiff's brief suggests, the ALJ discussed Plaintiff's carpal tunnel syndrome and chronic headaches, but did not find them to be "severe" impairments within the meaning of the regulations. (Pl. Br. 18-19)(citing (R. 19)). Although Plaintiff did not discuss this fact, the ALJ noted that Dr. Chamberlin found "some diminished grip strength bilaterally, but no other evidence of carpal tunnel, such as atrophy or loss of dexterity." (R. 20).

The Commissioner cites Brescia v. Astrue, No. 07-4234, 287 Fed. Appx. 626, 628-629, 2008 WL 2662593, (10th Cir. July 8, 2008) for the proposition that the ALJ's failure to find carpal tunnel and headaches "severe" in the circumstances is not error.

-7-

(Comm'r Br 4). As the Commissioner asserts, in <u>Brescia</u> the court held that once an ALJ has found plaintiff has at least one severe impairment, a failure to designate another as severe at step two is not reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  Moreover, in <u>Hill v. Astrue</u>, No. 07-4226, 289 Fed. Appx. 289, 291-292, 2008 WL 3339174, *2 (10th Cir. Aug. 12, 2008), the court held the failure to find additional impairments are severe is not in itself cause for reversal so long as the ALJ, in determining plaintiff's RFC, considers the effects "of <u>all</u> of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"

Plaintiff points to record evidence showing that she has been diagnosed with carpal tunnel syndrome and with chronic headaches, but the mere presence of an impairment is insufficient to establish a "severe" impairment.  <u>Hinkle</u>, 132 F.3d at 1352 (citing <u>Bowen v. Yuckert</u>, 482 U.S. 137, 153 (1987)).  She cites no record evidence demonstrating that these impairments have more than a minimal effect on her ability to perform basic work activities.  Moreover, the ALJ determined Plaintiff has two impairments which are "severe," and noted that in assessing RFC he is required to "consider all of the claimant's impairments,

-8-

including impairments that are not severe." (R. 17). As Plaintiff's brief acknowledges, the decision reflects that the ALJ considered carpal tunnel syndrome and chronic headaches, and Plaintiff points to no evidence demonstrating that he did not. As the Tenth Circuit has stated, "our general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." Hackett, 395 F.3d at 1173. The court finds no error at step two.

**IV. Credibility**

An ALJ's credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Hackett, 395 F.3d at 1173. Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer on matters involving credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Hackett, 395 F.3d at 1173(quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)).

The Tenth Circuit has explained the analysis for considering subjective testimony regarding symptoms. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993).

> A claimant's subjective allegation of pain is not
> sufficient in itself to establish disability. <u>Gatson
> v. Bowen</u>, 838 F.2d 442, 447 (10th Cir. 1988).  Before
> the ALJ need even consider any subjective evidence of
> pain, the claimant must first prove by objective
> medical evidence the existence of a pain-producing
> impairment, <u>Luna v. Bowen</u>, 834 F.2d 161, 163 (10th Cir.
> 1987) (citing <u>Frey [v. Bowen]</u>, 816 F.2d [508,] 515
> [(10th Cir. 1987)]; <u>Nieto v. Heckler</u>, 750 F.2d 59 (10th
> Cir. 1984)), that could reasonably be expected to
> produce the alleged disabling pain.  <u>Luna</u>, 834 F.2d at
> 163; 42 U.S.C. § 423(d)(5)(A).  This court has stated:
> The framework for the proper analysis of Claimant's
> evidence of pain is set out in <u>Luna v. Bowen</u>, 834 F.2d
> 161 (10th Cir. 1987).  We must consider (1) whether
> Claimant established a pain-producing impairment by
> objective medical evidence; (2) if so, whether there is
> a "loose nexus" between the proven impairment and the
> Claimant's subjective allegations of pain; and (3) if
> so, whether, considering all the evidence, both
> objective and subjective, Claimant's pain is in fact
> disabling.  <u>Musgrave v. Sullivan</u>, 966 F.2d 1371, 1375-
> 76 (10th Cir. 1992) (citing <u>Luna</u>, 834 F.2d at 163-64).

<u>Thompson</u>, 987 F.2d at 1488.

Plaintiff argues both that the ALJ did not apply the correct legal standard to his credibility determination, and that substantial evidence does not support the finding of incredibility.  With regard to the legal standard, Plaintiff argues that the ALJ rejected her subjective complaints merely because they are not fully corroborated by objective medical evidence. (Pl. Br. 20).  The Commissioner argues that the ALJ applied the credibility standards of 20 C.F.R. § 404.1529 and <u>Soc. Sec. Rulings</u> (SSR) 96-7p and 96-4p which are consistent with the procedure set forth in <u>Luna</u>. (Comm'r Br. 7).

The ALJ stated the credibility standard, and his conclusion:

-10-

> [T]he undersigned has considered all symptoms and the
> extent to which these symptoms can reasonably be
> accepted as consistent with the objective medical
> evidence and other evidence, based on the requirements
> of 20 CFR 404.1529 and SSRs 96-4p and 96-7p.
>
> * * *
>
> In considering the claimant's symptoms, the undersigned
> must follow a two-step process in which it must first
> be determined whether there is an underlying medically
> determinable physical or mental impairment(s)--i.e., an
> impairment(s) that can be shown by medically acceptable
> clinical and laboratory diagnostic techniques--that
> could reasonably be expected to produce the claimant's
> pain or other symptoms.
>
> Second, once an underlying physical or mental
> impairment(s) that could reasonably be expected to
> produce the claimant's pain or other symptoms has been
> shown, the undersigned must evaluate the intensity,
> persistence, and limiting effects of the claimant's
> symptoms to determine the extent to which they limit
> the claimant's ability to do basic work activities.
> For this purpose, whenever statements about the
> intensity, persistence, or functionally limiting
> effects of pain or other symptoms are not substantiated
> by objective medical evidence, the undersigned must
> make a finding on the credibility of the statements
> based on a consideration of the entire case record.
>
> After considering the evidence of record, the
> undersigned finds that the claimant's medically
> determinable impairments could reasonably be expected
> to produce the alleged symptoms; however, the
> claimant's statements concerning the intensity,
> persistence and limiting effects of these symptoms are
> not credible to the extent they are inconsistent with
> the residual functional capacity assessment for the
> reasons explained below.

(R. 18-19).

As the Commissioner argues, the ALJ properly stated the standard he applied, and that standard is consistent with the holding of Luna. A fair reading of the quoted portion of the

-11-

decision reveals that the ALJ determined (1) Plaintiff has established a pain-producing impairment by objective medical evidence; and (2) that there is a "loose nexus" between that impairment and Plaintiff's allegations of pain; and (3) that the ALJ considered all of "the objective medical evidence and other evidence" (or "the entire case record") to determine whether Plaintiff's allegations are credible. (R. 18, 19). This meets the requirements of Luna, and the court finds that the ALJ applied the correct standard in evaluating credibility.

With regard to Plaintiff's assertion that substantial evidence does not support the credibility determination, the Commissioner cites considerable record evidence, and explains how in his view, that evidence supports the ALJ's credibility determination. (Comm'r Br. 5-11). Similarly, Plaintiff cites considerable record evidence which in her view supports a finding that Plaintiff's allegations are credible. (Pl. Br. 18-22). To a great extent much of the parties' arguments merely seek to have the court reweigh the evidence, a task it may not undertake. Hackett, 395 F.3d at 1173. However, Plaintiff's argument is based, at least in part, on her assertion that "the ALJ ignored or misrepresented extensive evidence in the record." (Pl. Br. 17-18). The court cannot fully credit much of Plaintiff's argument, and notes that Plaintiff does not provide specific

examples which establish that any of the ALJ's statements in the decision are a direct misrepresentation of record evidence.

However, Plaintiff dedicates more than two pages of argument to the proposition that the ALJ ignored evidence from Plaintiff's treating physician, Dr. Ehly. (Pl. Br. 19-21). The court notes that at no point in his decision did the ALJ even mention Dr. Ehly's name. The court finds no summary of Dr. Ehly's treatment records, no statement that Dr. Ehly is a treating source, and no mention of any evidence provided from Dr. Ehly. Particularly troubling to the court in the ALJ's failure to mention or discuss Dr. Ehly or his treatment is that, as Plaintiff points out, Dr. Ehly prescribed significant pain medication in response to Plaintiff's complaints of pain, and even referred Plaintiff to a pain clinic. (R. 270, 274, 448, 466, 475). Despite this record evidence from Dr. Ehly, the ALJ stated, "She [Plaintiff] does not regularly use any prescription pain medication for her joint pain. . . . She manages her [headache] pain with Klonopin and nonprescription pain medications," (R. 19); and "She alleged that she is in constant pain, but does not regularly take any prescription pain medication." (R. 21). While there might be some basis to explain the ALJ's findings despite the record evidence provided by Dr. Ehly, the ALJ did not explain why he made the findings despite the evidence, and did not even acknowledge the evidence of prescription pain medication.

Therefore the court must find that substantial evidence in the record as a whole does not support the ALJ's finding with regard to pain medication, and the Commissioner must explain this ambiguity in the evidence.

Although Plaintiff seeks remand for an immediate award of benefits, she does not explain how the evidence compels that result. As Plaintiff's brief suggests, the court has the discretion to reverse and remand for an immediate award of benefits. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). However, the decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986). Nevertheless, the Commissioner is not entitled to adjudicate a case ad infinitum until he correctly applies the proper legal standard and gathers evidence to support his conclusion. Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993). In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate award of benefits: Length of time the matter has been pending and "whether or not 'given the available evidence, remand for

additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006)(quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987); and citing Sisco, 10 F.3d at 746).

Here, Plaintiff asserts that, "Remand is unnecessary because the evidence establishes that plaintiff is totally disabled," (Pl. Br. 24(citing Espinosa v. Sec'y of Health and Human Servs., 565 F. Supp. 810, 816 (D. Kan. 1983)), and that "A rehearing would serve no purpose but to further delay the awarding of disability benefits to plaintiff who is clearly disabled." Id. However, Plaintiff does not show that substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Absent such a showing, in this case the court will remand for further proceedings consistent with this opinion. Moreover, the court finds there is evidence in the record as discussed by the ALJ which might support a finding that Plaintiff is not disabled.

**IT IS THEREFORE RECOMMENDED** that the decision below be REVERSED and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. REMANDING the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C.

-15-

§ 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within fourteen days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 20th day of August 2010, at Wichita, Kansas.

s:/ Gerald B. Cohn
**GERALD B. COHN**
**United States Magistrate Judge**